IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| PRISCILLA FABIOLA RAMIREZ,<br>Reg. No. 72287-380,<br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§     EP-18-CV-167-DB<br>EP-16-CR-429-DB-3 |

## MEMORANDUM OPINION AND ORDER

Before the Court is Movant Priscilla Fabiola Ramirez's ("Movant") *pro se* "Petition for Section 2255 to Vacate, Set Aside or Reduce Sentence" ("§ 2255 Motion"), filed on May 29, 2018. ECF No. 195.[1] Therein, she challenges the 70-month sentence that the Court imposed after she pleaded guilty to conspiring to possess with the intent to distribute more than 50 grams of methamphetamine. She asserts her trial counsel provided constitutionally-ineffective assistance. On September 21, 2018, the United States of America ("the Government") filed its "Response to Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside or Correct Sentence by A Person in Federal Custody" ("Response"), arguing that the Court should deny Movant's claims on the merits. Resp., ECF No. 220. On October 18, 2018, Movant filed a Reply. Reply, ECF No. 224. For the reasons discussed below, the Court will deny Movant's § 2255 Motion. The Court will additionally deny Movant a certificate of appealability.

## BACKGROUND AND PROCEDURAL HISTORY

On June 18, 2015, an El Paso Police Department officer conducted a traffic stop on a vehicle occupied by Tania Garciela Rocha-Rodriguez ("Rocha") and Maria Rodriguez De Ponce

---
[1] "ECF No." in this context refers to the Electronic Case Filing number for documents docketed in EP-16-CR-429-DB-3. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the former page numbers.

("Rodriguez"). Plea Agreement (Factual Basis), ECF No. 122. The officer searched the vehicle and found a pink-and-white gift bag on the floorboard behind the driver's seat. *Id.* The bag contained seven vacuum-sealed bundles. *Id.* The officer opened one of the bundles, which field-tested positive for methamphetamine. *Id.* Laboratory test later confirmed the bundles contained methamphetamine with a net weight of 3.14 kilograms. *Id.* During a post arrest interview, Rocha and Rodriguez claimed they picked up the gift bag from the unlocked trunk of a black Ford Escape parked at a Holiday Inn Express off Zaragoza Road in El Paso, Texas. *Id.*

Federal agents located the Ford Escape and identified Movant, an employee at the Holiday Inn Express, as the owner. *Id.* Presentence Investigation Report ("PSR") 6, ECF. No. 145. Movant subsequently admitted "that during the time frame May 1, 2014 through November 17, 2015, she knowingly and intentionally conspired with others to possess with the intent to delivered over 50 grams of methamphetamine to other individuals in El Paso, Texas." Plea Agreement (Factual Basis), ECF No. 122.

On March 16, 2016, a grand jury returned a two-count Indictment against Movant. Indictment, ECF No. 3. The Indictment charged Movant with conspiring to possess 50 grams or more of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b) (count one), and conspiring to possess 500 grams or more of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b) (count two). *Id.*

Movant's trial counsel—Attorney Luis Islas ("Attorney Islas")—negotiated a Plea Agreement with the Government. Plea Agreement, ECF No. 122. Under its terms, Movant agreed to plead guilty to count one of the Indictment and waive her right to appeal or collaterally

2

attack her sentence except "on grounds of ineffective assistance of counsel or prosecutorial misconduct of constitutional dimension." *Id.* at 6. In exchange, the Government agreed to move to dismiss the remaining count of the Indictment. *Id.* at 1. On August 17, 2019, Movant pleaded guilty to count one of the Indictment pursuant to the Plea Agreement.

The probation officer then prepared a Presentence Investigation Report ("PSR"). PSR, ECF No. 153. She determined Movant's base offense level was 32. *Id.* at 8. She added two levels because Movant allowed a drug trafficking organization to use her house. *Id.* She deducted two levels because Movant provided truthful information, and three levels for acceptance of responsibility. *Id.* at 8–9. She concluded, "[b]ased upon a total offense level of 29 and a criminal history category of I, [Movant's] guideline imprisonment range [was] 87 months to 108 months." *Id.* at 14.

Attorney Islas objected to the two-level upward adjustment for maintaining a premises for the distribution of controlled substances. Objections to PSR, ECF No. 153-3. He also objected to the failure to grant a two-level downward adjustment for minor role. *Id.*

The Court granted the objection to the two-level upward adjustment but did not grant the objection concerning minor role. Based upon a total offense level of 27 and a criminal history category of I, Movant's guideline imprisonment range became 70 to 87 months' imprisonment. On November 18, 2016, the Court sentenced Movant at the bottom of the guidelines range to 70 months' imprisonment followed by three years' supervised release. Judgement and Commitment, ECF No. 166. Additionally, this Court ordered the Movant to pay a $100.00 special assessment fee. *Id.*

Movant timely appealed her conviction and sentence. Notice of Appeal, ECF No. 171. The Fifth Circuit Court of Appeals dismissed the appeal. *United States v. Ramirez*, No. 16-51379 (5th Cir. May 22, 2017), ECF No. 16-51379.

After raising multiple allegations of ineffective assistance of counsel in her § 2255 Motion, the Court issued an Order to Show Cause asking the Government to respond to Movant's arguments that Attorney Islas provided constitutionally-ineffective assistance when he (1) failed "to adequately raise obvious issues on appeal," (2) failed to argue for a sentence reduction regarding Movant's minor role, and (3) failed to properly argue the sentencing factors and submit material regarding threats to Movant and her family by others. Order to Show Cause 1–2, ECF No. 205 (quoting Mem. in Supp. 2, ECF No. 195-1; citing Mem. in Supp. 3–4, ECF No. 195-1). Movant asks for an evidentiary hearing and new counsel to represent her in subsequent proceedings. § 2255 Mot. 11, ECF No. 195.

## LEGAL STANDARD

### A. 28 U.S.C. § 2255

A § 2255 Motion "'provides the primary means of collateral attack on a federal sentence.'" *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)). Relief under § 2255 is warranted for errors that occurred at trial or at sentencing. *Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 1997). Before a court will grant relief pursuant to § 2255, a movant must establish: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *United States v. Seyfert*, 67 F.3d

4

544, 546 (5th Cir. 1995) (citations omitted). Ultimately, the movant bears the burden of establishing a claim by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) (citing *United States v. Kastenbaum*, 613 F.2d 86, 89 (5th Cir. 1980)).

A court may deny a § 2255 Motion without a hearing if "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b) (2012); *see also United States v. Drummond*, 910 F.2d 284, 285 (5th Cir. 1990) ("Faced squarely with the question, we now confirm that § 2255 requires only conclusive evidence—and not necessarily direct evidence—that a defendant is entitled to no relief under § 2255 before the district court can deny the motion without a hearing."). Indeed, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." *See* 28 U.S.C. foll. § 2255 Rule 4(b).

When a court finds that the movant is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). Thus, a court has "'broad and flexible power . . . to fashion an appropriate remedy.'" *United States v. Stitt*, 552 F.3d 345, 355 (4th Cir. 2008) (quoting *United States v. Hillary*, 106 F.3d 1170, 1171 (4th Cir. 1997)); *see also Andrews v. United States*, 373 U.S. 334, 339 (1963) ("[T]he provisions of the statute make clear that in appropriate cases a § 2255 proceeding can also be utilized to provide a . . . flexible remedy."); *United States v. Torres-Otero*, 232 F.3d 24, 30 (1st Cir. 2000) ("As an initial matter, we note the broad leeway traditionally afforded district courts in the exercise of their § 2255 authority. . . . This is so because a district court's power under § 2255 'is derived from the

5

equitable nature of habeas corpus relief.'") (quoting *United States v. Handa*, 122 F.3d 690, 691 (9th Cir. 1997)).

### B. Ineffective Assistance of Counsel

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel, including the effective assistance of counsel when entering a guilty plea. *Lee v. United States*, 137 U.S. 1958, 1964 (2017). An ineffective assistance of counsel claim in the context of a guilty plea is subject to the same standard as any other ineffective assistance claim—the standard set forth in *Strickland v. Washington*. 466 U.S. 668 (1984). To successfully state a claim of ineffective assistance of counsel under *Strickland*, a § 2255 movant must demonstrate that counsel's performance was deficient, and that the deficient performance prejudiced the defense. *Id.* at 687.

To show deficient performance, a movant must establish that counsel's performance fell below an objective standard of reasonable competency. *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993). To establish prejudice in a case where the movant pleaded guilty, the movant must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

In addition, where a movant enters a guilty plea, the movant must show that going to trial "would have given [her] a reasonable chance of obtaining a more favorable result," such as an acquittal or an aggregate sentence less than that imposed by the court. *United States v. Batamula*, 823 F.3d 237, 240 (5th Cir.) (en banc), *cert. denied*, 137 U.S. 236 (2016); *see also Missouri v. Frye*, 566 U.S. 138, 146–47 (2012) (explaining that to establish prejudice, a

6

defendant must "show a reasonable probability that the end result of the criminal process would have been more favorable[.]").

Unless a movant establishes both deficient performance and prejudice, the ineffective assistance of counsel claim fails. *United States v. Bass*, 310 F.3d 321, 325 (5th Cir. 2002). The burden of proof is on the movant who is alleging ineffective assistance of counsel. *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999).

## ANALYSIS

Movant asserts Attorney Islas provided constitutionally-ineffective assistance when he failed: (A) to raise "obvious issues on appeal;" (B) to argue for a shorter sentence regarding Movant's minor participatory role; and (C) "to investigate" threats against Movant and her family and to properly argue "3553(a) [f]actors during the sentencing hearing." Order to Show Cause, ECF No. 205.

### A. Movant's Argument That Attorney Islas Failed to Raise Obvious Issues on Appeal Fails Because Movant Knowingly and Voluntarily Waived Her Appellate Rights.

Movant knew her rights, including the right to appeal the sentence that the Court imposed. She knowingly and voluntarily waived this right pursuant to the Plea Agreement, thus she cannot claim relief on this basis. Nonetheless, Movant argues that Attorney Islas provided ineffective assistance since he did not raise "obvious issues on appeal." Reply 1, ECF No. 244. However, she admits that she waived her right to appeal in the Plea Agreement. *Id.*

To determine "whether an appeal of a sentence is barred by an appeal waiver provision in a plea agreement, a Court must conduct a two-step inquiry: (1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand based on the plain

7

language of the agreement." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005), (citing *United States v. McKinney*, 406 F.3d 744, 746–47 (5th Cir. 2005); *United States v. Story*, 439 F.3d 226, 230–31 (5th Cir. 2006)). While it is well established that "a defendant may waive [her] statutory right to appeal [her] sentence if the waiver is knowingly and voluntarily," the Fifth Circuit has jurisdiction to hear a defendant's appeal irrespective of a defendant's waiver. *See Bond*, 414 F.3d at 544, (citing *McKinney*, 406 F.3d at 746–47; *Story*, 439 F.3d at 230–31). Moreover, if the Government does not object to a defendant's appeal after a defendant signs a waiver of appeal, it is presumed that the Government has waived the issue. *Story*, 439 F.3d at 231.

An attorney "cannot be considered deficient for failing to raise claims knowingly and voluntarily waived in the process of plea bargaining." *Unites States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). "An ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). Lastly, it is settled that a defendant's declarations in open court are presumed true. *See United States v. Schydlower*, 132 F.3d 1106, 1110 (5th Cir. 1998); *Fuller*, 769 F.2d at 1099; *United States v. Sanderson*, 595 F.2d at 1022.

Here Movant waived her right to appeal pursuant to the Plea Agreement; the Government objects to Movant's appeal. Plea Agreement, ECF No. 122; Resp., ECF No. 220. The Plea Agreement states that Movant "voluntarily and knowingly *waives any right to appeal* the sentence on any ground." Plea Agreement 5, ECF No. 122 (emphasis added). "[Movant] also voluntarily and knowingly waives the right to contest the sentence or the manner in which it was determined in any post-conviction proceeding, including but not limited to, a proceeding

8

pursuant to 28 U.S.C. § 2255." *Id.* The exceptions include claims of ineffective assistance of counsel and prosecutorial misconduct. *Id.*

Movant was placed under oath at the plea hearing and acknowledged that she understood that she must answer the Court's questions truthfully. *See* Plea Tr. 5, ECF No. 175. During the plea hearing, Movant voluntarily and knowingly waived her rights pursuant to the Plea Agreement. *Id.* at 9. Movant specifically waived her right to appeal whatever sentence this Court imposed. *See supra* 9. Despite Movant's waiver of appeal, Attorney Islas filed a "Notice of Appeal" on her behalf under seal to the Fifth Circuit. Notice of Appeal, ECF No. 171. Then the Government filed a motion requesting the Fifth Circuit to dismiss Movant's appeal. *See id.* Attorney Islas "cannot be considered deficient for failing to raise claims knowingly and voluntarily waived in the process of plea bargaining." Resp., ECF No. 220. Attorney Islas also cannot be considered deficient for raising waived issues. Movant's ineffective assistance of counsel claim "survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself." *White,* 307 F.3d at 343. Movant has not demonstrated that Attorney Islas's assistance directly affected the validity of the waiver or the plea.

Movant attempts to argue that her waiver and plea were invalid because Attorney "only communicated with [her] on four (4) occasions" and convinced her to sign the Plea Agreement by misrepresenting that she would be sentenced to two to four years. Reply 4, ECF No. 244; § 2255 Mot. 2, ECF No. 195.

To prove prejudice due to any omission Attorney Islas allegedly committed by failing to communicate, Movant must show there was a reasonable probability that, but for Attorney

9

Islas's omission, she would have received a lower sentence. *United States v. Grammas*, 376 F.3d 433, 439 (5th Cir. 2004). The burden of proof rests on Movant to allege more than just conclusory claims. *See Williford v. Estelle*, 672 F.2d 552, 553 (5th Cir. 1982). Indeed, claims of ineffective assistance of counsel must identify specific acts and omissions of counsel. *Knighton v. Maggio*, 740 F.2d 1344, 1349–50 (5th Cir. 1984).

Movant does not establish a correlation between the number of times Movant and Attorney Islas communicated and the probability of a different sentencing outcome. *See generally* § 2255 Mot. 2, ECF No. 195; Reply 1, ECF No. 244. Movant does not provide any argument as to how her communication with Attorney Islas affected her outcome at sentencing. § 2255 Mot. 2, ECF No. 195; Reply 1, ECF No. 244. "The amount of time counsel spends with a client before proceedings is not in and of itself conclusive as to whether the client received adequate representation." *Crochet v. Goodwin*, No. CIV.A. 13-3106, 2014 WL 5093995, at *13 (E.D. La. Oct. 8, 2014) (citing *United States v. Reed*, 756 F.2d 654, 657 (8th Cir. 1985)). Movant's conclusory statements regarding her limited communications with Attorney Islas lack evidence of specific acts or omissions that could have affected Movant's outcome at sentencing.

Further, Movant provides inconsistent statements on the quantity of communication between her and Attorney Islas. In her Reply, Movant states Attorney Islas "only visited [her] on the day he attended her [sic] with a 10 yrs. to life sentence if she did not sign the Plea Agreement." *See* Reply 1, ECF No. 244. Later in her Reply, Movant states that Attorney Islas only "'communicated' with [her] twice, visiting [her] once, and then again, [sic] the day of the plea hearing when he came with the Plea Agreement." *Id.* at 4. Then in the same paragraph, Movant states Counsel only communicated with her on four occasions. *Id.* Movant does not

provide any evidence or argument that the quantity of communication with Attorney Islas affected her sentence. Movant is not entitled to relief on this claim.

Next, Movant argues she was convinced to sign the Plea Agreement based on Attorney Islas's representations that signing the Plea Agreement would result in a sentencing range of two to four years. § 2255 Mot. 2, ECF No. 195. Movant subsequently claims she "was convinced to plea[d] guilty and to sign the [f]actual resume based upon counsel's representations that her expected sentence would range from Five to Seven [sic] (5-7) years." Reply 4, ECF No. 224.

A guilty plea must be voluntary and knowing to be constitutionally valid. *Harmason v. Smith*, 888 F.2d 1527, 1529 (5th Cir. 1989). Hence, a guilty plea induced by defense counsel's unkept promises may be invalid. *Id.* Still, "[o]rdinarily a defendant will not be heard to refute his testimony given under oath when pleading guilty." *United States v. Sanderson*, 595 F.2d 1021, 1022 (5th Cir. 1979), citing *United States v. Barrett*, 514 F.2d 1241, 1243 (5th Cir. 1975). And "[s]olemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). "Nevertheless, a defendant may seek habeas relief on the basis of alleged promises, though inconsistent with representations she made in open court when entering her guilty plea, by proving (1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

Movant acknowledged in the written Plea Agreement that the range of punishment was "a term of imprisonment of not less than ten (10) years or more than life." Plea Agreement 2,

11

ECF No. 122. Movant also acknowledged she was "aware that any estimate of the sentencing range received from defense counsel, the government or the Probation Office, [was] not a promise, did not induce the guilty plea . . . and does not bind the Government, the Probation Office, or the Court." *Id.* at 6, ECF No. 122.

The Court informed Movant of the potential maximum sentence at her plea hearing:

> THE COURT: [I]f you enter a plea of guilty to conspiracy to possess with intent to distribute a quantity of methamphetamine, the *maximum possible sentence* that you may receive is incarceration of *10 years to life*, and/or a fine of 0 to $10 million, plus supervised release of five years minimum and a $100 assessment to the Crime Victim's Fund. Do you understand what the maximum possible sentence can be if you enter a plea of guilty here today, Ms. Ramirez?
>
> THE DEFENDANT: Yes.

Plea Tr. 9–10, ECF No. 175 (*emphasis added*). Movant then acknowledged that she would be bound by the sentence imposed by the Court:

> THE COURT: Do you understand that if the sentence that I do impose is more severe than what you expected, you will still be bound by your plea of guilty and you'll have no right to withdraw it. Do you understand, Ms. Ramirez?
>
> THE DEFENDANT: Yes.

*Id.* at 19. Furthermore, the Court orally informed Movant of the consequences of pleading guilty:

> COURT: Before I can accept your plea of guilty, I will need to discuss some of these rights with you . . . [including the right that] you knowingly and voluntarily waive your right to appeal whatever sentence that I may impose, but you retain your rights to appeal if you believe your sentence is a violation of your constitutional rights based on claims of ineffective assistance of counsel or prosecutorial misconduct. Now, Ms. Ramirez, having discussed the plea agreement with you, did I correctly state what you and the

12

Government have agreed to?

THE DEFENDANT: Yes, sir.

Plea Tr. 13, ECF No. 175.

Notably, Movant fails to present any evidence in the form of sworn affidavits proving (1) the exact terms of the alleged promise by her counsel, (2) exactly when and where her counsel made the promise, and (3) the precise identity of an eyewitness to the promise. Thus, she is not entitled to relief on this claim.

### B. Attorney Islas Argued for a Minor Role Reduction but Was Overruled.

The record contradicts Movant's argument that Attorney Islas failed to argue for a "minor role reduction" because Attorney Islas raised written and oral objections regarding the PSR's failure to recommend a minor role reduction. § 2255 Mot. 14, ECF No. 195. Therefore, he cannot be found to have provided constitutionally ineffective assistance of counsel on this basis.

First, Attorney Islas filed written objections to the PSR to mitigate Movant's sentence:

> Ramirez objects to paragraph 24 of the presentence report for failure to recommend a 2-level downward adjustment for minor role. Defense counsel states that although Ramirez may have been involved in the conspiracy for several months, she was nothing more than a pawn, providing a service for slave wages paid by the true owners and controllers of the controlled substances. As such, defense counsel respectfully requests a 2-level downward adjustment, as Ramirez' [sic] role in the offense was minor.

PSR 1, ECF. No. 145; Def.'s Obj. 1–2, ECF. No. 152.

> Second, Attorney Islas orally objected at Movant's sentencing hearing:

> As to the minor role objection, I know that my client was involved in the conspiracy for a period of time and her participation was frequent. But to not consider her anything but just a dumb mule is absurd. She was – only played a minor role in the conspiracy and I would ask the Court to consider removing the two-level – or rather

13

granting a two-level downward adjustment on that point.

Sentencing Tr. 3, ECF No. 176.

Movant does not provide evidence as to how her attorney's objections disadvantaged her. Prejudice is not demonstrated because Attorney Islas argued for the minor role reduction, though this Court determined that she did not qualify for the downward adjustment. Sentencing Tr. 3–4, ECF No. 176. Movant's "argument that counsel was ineffective for failing to argue that [s]he was entitled to an adjustment for [her] minor role lacks bases in fact and in law." *United States v. Ronquillo*, 269 F. App'x 429, 430 (5th Cir. 2008). Movant is not entitled to relief on this claim.

### C. The Language of § 3553(a) Does Not Impose Any Duty on Counsel to Raise Factors at Sentencing and Movant Does Not Provide Any Evidence as to How Threats Would Affect the Outcome of Her Case.

Attorney Islas had no duty to raise § 3553(a) factors at sentencing. However, Movant argues that Attorney Islas provided ineffective assistance by failing to "properly argue the sentencing factors." § 2255 Mot. 2, ECF No. 195. The language of 18 USC § 3553(a) affords Courts with factors to consider when imposing a sentence. In particular, the section provides that "[t]he court, in determining the particular sentence to be imposed, shall consider" seven factors. 18 U.S.C. § 3553. The section does not establish any duty on an attorney to raise or argue these factors since the purpose of the factors is to guide judges when considering a sentence. Thus, Movant is not entitled to relief based on this claim.

Movant's final argument that Attorney Islas's assistance was ineffective because he failed to submit evidence regarding alleged threats against Movant and her family and failed to interview certain witnesses is unsuccessful. § 2255 Mot. 2, ECF No. 195; Reply 4, ECF No.

14

244. To prove prejudice due to any error counsel committed, Movant must show there was a reasonable probability that, but for Attorney Islas's action, she would have received a lower sentence. *Grammas*, 376 F.3d at 439. The burden of proof rests on Movant to allege more than just conclusory and general statements. *See Williford*, 672 F.2d at 553; *Knighton*, 740 F.2d at 1349–50. Claims of ineffective assistance of counsel must identify specific acts and omissions of counsel. *Id.*

There is only one sentence in the § 2255 Motion that mentions the threat to Movant's family: "[c]ounsel's failure to submit material to the [C]ourt regarding the threats Petitioner and her family were facing from the other individuals arrested by the Government, other than to call her a 'victim,' which the [C]ourt scoffed at because [the Court] had not been provided with the evidence that could [have] easily persuaded [the Court to believe] that the threat was real and serious [sic]." § 2255 Mot. 15, ECF No. 195. Movant does not provide any evidence that the threats against her and her family would have affected the outcome of her sentence. *See* § 2255 Mot. 2, ECF No. 195; Reply 1, ECF No. 244.

Furthermore, the PSR does not reveal any evidence that Movant was threatened. In fact, Movant explained she had received "offers to engage in drug trafficking activity for a long time from people she had known growing up, but she had not accepted." PSR 1, ECF No. 145. There is no evidence that Movant acted under threats or duress; instead, her statement suggests that she acted under her own free will since she had not accepted offers to participate in drug trafficking for "a long time." *Id.* Since Movant does not provide any evidence regarding these threats, and because conclusory statements are not enough to establish the burden of proof, this argument fails.

15

Next, Attorney Islas's alleged failure to interview witnesses whose information would "have made an effective defense" does not establish his assistance was ineffective. Reply 4, ECF No. 244. Failing to interview witnesses is not a basis to support an ineffective assistance of counsel claim because to bring an ineffective assistance of counsel claim: "[a] defendant must rely on more than bare allegations about counsel's failure to interview or produce a witness." *United States v. Curtis*, 769 F.3d 271, 276 (5th Cir. 2014). A defendant "must show that the witness's testimony, if offered, would have been exculpatory." *Id.* Indeed, "[t]o establish [a] failure to investigate claim, [a defendant] must allege with specificity what the investigation would have revealed and how it would have benefitted him." *United States v. Glinsey*, 209 F.3d 386, 393 (5th Cir. 2000). General statements and conclusory allegations are not enough. *Knighton*, 740 F.2d at 1349–50.

Here, Movant provides no evidence to show that these witnesses' testimonies would have been exculpatory. Reply 4, ECF No. 244. Her only allegation is that "counsel made no effort to interview witnesses suggested by [his] client nor did [he] make any effort to locate or interview them, even though they could have supported a potentially effective defense." *Id.* Movant does not provide the names of these witnesses, what they would testify to, or how their testimony would have benefitted her. *See* § 2255 Mot. 2, ECF No. 195; Reply 1, ECF No. 244. Her general statements and conclusory allegations are not enough to support an ineffective assistance of counsel claim because Movant did not show prejudice.

## EVIDENTIARY HEARING

A motion brought under § 2255 may be denied without a hearing if the motion, files, and records of the case conclusively show that the defendant is not entitled to relief. *United States v.*

*Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (holding that there was no abuse of discretion in denying a § 2255 Motion without a hearing where the movant's assertions of ineffective assistance were wholly conclusory in nature and refuted by reference to the record itself). The record in this case is adequate to dispose fully and fairly of Movant's claims. The Court need inquire no further on collateral review and an evidentiary hearing is not necessary.

## CERTIFICATE OF APPEALABILITY

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In cases where a district court rejects a movant's constitutional claims on the merits, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to a certificate of appealability determination in the context of § 2255 proceedings). To warrant a certificate as to claims that a district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, Movant's § 2255 Motion fails because she has not identified a transgression of her constitutional rights. Additionally, reasonable jurists could not debate the Court's reasoning for the denial of Movant's § 2255 claims on substantive or procedural grounds—or find that her issues deserve encouragement to proceed. *Miller El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Thus, the Court will not issue a certificate of appealability.

17

## CONCLUSION

Movant was not denied her right to the effective assistance of counsel and she waived her right to appeal by knowingly and voluntarily entering into a plea agreement and guilty plea. She is not entitled to § 2255 relief. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Movant Priscilla Fabiola Ramirez's "Petition for Section 2255 to Vacate, Set Aside or Reduce Sentence" is **DENIED** and her civil case is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Movant Priscilla Fabiola Ramirez is **DENIED** a certificate of appealability.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED** as **MOOT**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED** this 3rd day of July 2019.

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE